UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In Re Ex Parte Application of:                          :          **OPINION AND ORDER**
                                                        :
BAYERISCHE MOTOREN WERKE AG,                            :          22 MC 115 (VB)
                     Applicant.                         :
----------------------------------------------------------------x

Briccetti, J.:

Gerald Padian ("Padian") moves to quash two subpoenas authorized by this Court on

April 29, 2022, pursuant to the ex parte application of Bayerische Motoren Werke AG

("BMW").  (Doc. #13).

For the reasons set forth below, the motion is DENIED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1782.

# BACKGROUND

BMW is a German corporation headquartered in Munich that designs and manufactures

motor vehicles.

Arigna Technology Limited ("Arigna") is an Irish patent assertion entity[1] managed by

Atlantic IP Services, LLC, and Atlantic IP Services, LTD.  Padian is a director of Arigna and

Atlantic IP Services, LLC, and resides in Katonah, New York.

On January 11, 2022, Arigna brought a patent infringement action against BMW in the

Regional Court of Munich.  In that action, Arigna alleges certain of BMW's plug-in hybrid cars

---

[1]     A "patent assertion entity" is "a firm that primarily acquires patents and seeks to generate
revenue by asserting them against accused infringers" and "does not manufacture, distribute, or
sell products."  Fed. Trade Comm'n, Patent Assertion Entity Activity:  An FTC Study, at 15
(2016), https://www.ftc.gov/system/files/documents/reports/patent-assertion-entity-activity-ftc-
study/p131203_patent_assertion_entity_activity_an_ftc_study_0.pdf.

are built with a component that infringes on one of its patents, the German Patent DE 10 2009 060 504 B4 (the "Patent"), which it acquired on February 25, 2020.

According to BMW, it plans to bring a responsive action to invalidate the Patent in German Federal Patent Court in Munich.

On April 15, 2022, BMW applied ex parte to this Court for an order authorizing service of a document subpoena and deposition subpoena on Padian pursuant to 28 U.S.C. § 1782. Specifically, in aid of the two German patent cases, BMW sought Padian's documents concerning the Patent and its purported value; Padian's agreements with Arigna and documentation of his financial contributions to Arigna; and documents sufficient to show Padian's roles at Arigna and Atlantic IP Services, LLC.  BMW also sought to depose Padian on his roles at Arigna and Atlantic IP Services, LLC; the acquisition and monetary value of the Patent; and his financial contributions to Arigna.

On April 29, 2022, the Court granted BMW's application and authorized service of both subpoenas on Padian "pursuant to the Federal Rules of Civil Procedure."  (Doc. #10 ("Order"), at 2).

According to BMW's affidavit of service, a process server delivered a copy of the subpoenas to Padian's mother-in-law at 116 Croton Lake Road, Katonah, New York, on May 2, 2022.  The process server also mailed Padian a copy of the subpoenas in an envelope marked "Personal and Confidential" on May 4, 2022.  (Doc. #23-1 at ECF 2, 4).[2]  According to Padian,

---

[2]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

BMW actually served his mother-in-law at 118 Croton Lake Road, which is "a different dwelling."  (Doc. #16 ¶ 6).[3]

On May 4, 2022, Padian's counsel contacted BMW's counsel regarding the subpoenas served on Padian.

On May 24, 2022, Padian appeared in this case through counsel and moved to quash the subpoenas.

**DISCUSSION**

I.      Standard of Review

Section 1782 "authorizes federal district courts to order discovery in aid of foreign proceedings."  IJK Palm LLC v. Anholt Servs. USA, Inc., 33 F.4th 669, 675 (2d Cir. 2022).[4]

In deciding whether to grant a Section 1782 application, a court must first determine if it possesses jurisdiction to do so.  See Kiobel v. Cravath, Swaine & Moore LLP, 895 F.3d 238, 243–44 (2d Cir. 2018).  A court has jurisdiction over a Section 1782 application when:  (i) "the person or entity from whom discovery is sought resides or is found in the district where the application is made"; (ii) "the requested material is for use in a foreign proceeding"; and (iii) "the application is made by a foreign or international tribunal or any interested person."  IJK Palm LLC v. Anholt Servs. USA, Inc., 33 F.4th at 675.

After a court determines it has jurisdiction over a Section 1782 application, it has discretion to decide that application on the merits.  Kiobel v. Cravath, Swaine & Moore LLP, 895 F.3d at 244.  The Supreme Court has articulated the following nonexclusive factors (the

---

[3]      In its motion papers, BMW repeats several times that service was completed on May 3, 2022.  (See Doc. #11; Doc. #22, at 1–3).

[4]      Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"Intel factors") for lower courts to consider in rendering a decision on a Section 1782 application:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the request is "unduly intrusive or burdensome."

Id. (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–65 (2004)).

Any discovery order issued pursuant to Section 1782 "may prescribe the practice and procedure . . . for taking the" requested discovery.  28 U.S.C. § 1782(a).  "To the extent that the order does not prescribe otherwise," any discovery shall be taken or produced "in accordance with the Federal Rules of Civil Procedure."  Id.

II.    Application

Padian contends the subpoenas must be quashed for four reasons:  (i) they were improperly served; (ii) BMW did not provide notice to Arigna before service; (iii) the subpoenas seek materials found abroad; and (iv) the subpoenas are unduly burdensome.[5]

A.    Service

Padian contends the subpoenas must be quashed because they were improperly served.

The Court disagrees.

---

[5]    BMW argues Padian waived any objections because he did not move to quash the subpoenas "before the earlier of the time specified for compliance or 14 days after the subpoena[s] [were] served." Fed. R. Civ. P. 45(d)(2)(B).  Even if this were the governing framework, in light of the questions about whether service of the subpoenas was proper, described infra, the Court addresses Padian's arguments on the merits.

Rule 45 of the Federal Rules of Civil Procedure requires that a copy of a nonparty subpoena be "deliver[ed] . . . to the named person." Fed. R. Civ. P. 45(b)(1). This language has led to "[t]he longstanding interpretation of Rule 45 . . . that personal service of subpoenas is required." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2022). Some courts, however, have "sanctioned alternative means of service" after the requesting party "diligently . . . attempted to effectuate personal service." Cartier v. Geneve Collections, Inc., 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (collecting cases).

Rule 45 also provides that a court must quash or modify a subpoena if the subpoena: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In addition, a court may quash or modify a subpoena if compliance with the subpoena would result in disclosure of certain confidential information, such as trade secrets. Id. r. 45(d)(3)(B).

Here, the Court declines to quash the subpoenas for purportedly improper service.

First, the Federal Rules of Civil Procedure govern the two subpoenas (Order at 2), and improper service is not one of the enumerated grounds to quash a nonparty subpoena. See Fed. R. Civ. P. 45(d)(3).

Second, even if improper service were a reason to quash the subpoenas, the Court would decline to do so. Padian received actual and timely notice of the subpoenas through personal delivery to his mother-in-law, who lives next door, and emails to his attorneys.

Moreover, the record suggests Padian's argument about service is not made in good faith. According to emails among counsel submitted in connection with this motion, at one point,

Padian's attorneys chastised BMW's attorneys for attempting personal service on Padian at his home in the first place rather than attempting to serve Padian through counsel.  (Doc. #23-2 at ECF 3–4).  But later, his attorneys refused to accept service of the subpoenas.  (See Doc. #23-4; Doc. #24, at 3–4).  Padian cannot have it both ways.

Accordingly, the subpoenas will not be quashed for improper service.

B.      Notice

Padian contends the subpoenas must be quashed because BMW did not provide notice to Arigna as required by Rule 45(a)(4).

The Court disagrees.

Rule 45 provides that, before service of any document subpoena on a nonparty, "a notice and a copy of the subpoena must be served on each party" to the case.  Fed. R. Civ. P. 45(a)(4).  In the context of a Section 1782 application, this requirement means that the person seeking discovery must provide prior notice to the other parties in the foreign action before serving an authorized Section 1782 document subpoena.  In re Hornbeam Corp., 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015), aff'd, 722 F. App'x 7 (2d Cir. 2018) (summary order).

In the Second Circuit, district courts "routinely decline to quash subpoenas automatically based on noncompliance with notice requirements absent some showing of prejudice."  In re Speer, 754 F. App'x 62, 64 (2d Cir. 2019) (summary order) (collecting cases).  For example, the Second Circuit upheld a bankruptcy court's decision not to quash nonparty document subpoenas issued by a party whose failure to provide prior notice to the debtor "did not prevent [the debtor] from moving to quash and vigorously litigating the propriety of the subpoenas."  Id.

Here, as an initial matter, the notice requirement does not apply to deposition subpoenas, and thus the deposition subpoena will not be quashed on this basis. See Fed. R. Civ. P. 45(a)(4)

(prior notice required "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial").

With respect to the document subpoena, Padian articulates no actual prejudice arising from the lack of notice to Arigna, and it will not be quashed on this basis.  Padian contends the failure to notice Arigna precluded Arigna from objecting to the subpoena, but this argument is borderline frivolous.  Padian serves on Arigna's board and has the same attorneys; thus, Arigna received notice of the subpoena when Padian did, and it could have objected to the subpoena at any time.  Moreover, many of Padian's arguments concern Arigna's interests, not his individual interests, which also suggests Arigna suffered no prejudice from lack of notice.

Accordingly, the subpoenas will not be quashed for lack of prior notice to Arigna.

C.      Materials Abroad

Padian contends the subpoenas must be quashed because they seek materials found abroad and actually target materials held by Arigna and Atlantic IP Services, LTD, which are not found within the district.

The Court disagrees.

For a district court to exercise jurisdiction over a Section 1782 application, the applicant must establish "the person or entity from whom discovery is sought resides or is found in the district where the application is made." IJK Palm LLC v. Anholt Servs. USA, Inc., 33 F.4th at 675.  A person or entity "resides or is found" in a district when it is subject to personal jurisdiction within that district.  In re del Valle Ruiz, 939 F.3d 520, 528 (2d Cir. 2019).  If the person or entity from whom discovery is sought "resides or is found" in the district, any materials in his or its possession, even if found outside the district, may be discoverable.  See id. at 532–33.

Further, a district court may, within its discretion, deny a Section 1782 application when the applicant is "attempt[ing] to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Kiobel v. Cravath, Swaine & Moore LLP, 895 F.3d at 244 (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. at 265).

Here, the Court has jurisdiction over the instant Section 1782 application because BMW seeks discovery from Padian, who resides in Katonah, New York, which is within the district. See, e.g., In re Pishevar, 439 F. Supp. 3d 290, 301 (S.D.N.Y. 2020). That certain responsive materials in Padian's possession might be found abroad does not warrant a different result. For one, Padian does not identify any responsive documents in his possession that are actually located abroad. For another, even if he did identify specific documents located abroad, "there is no per se bar under § 1782 to extraterritorial discovery." In re del Valle Ruiz, 939 F.3d at 534.

In addition, the Court will not exercise its discretion to quash the subpoenas on this basis. Padian has not shown BMW is seeking to circumvent this jurisdictional requirement or any discovery restrictions imposed by the German courts. BMW does not seek broad discovery about Arigna or any other Irish entity, it "seek[s] targeted discovery from Padian himself." (Doc. #22, at 6). Both subpoenas are limited in scope, BMW expects Padian's deposition will be "short" (id. at 8), and it acknowledges that Padian may not possess any responsive documents. (See id. at 4).

Accordingly, the subpoenas will not be quashed on this basis.

D.      Undue Burden

Padian contends the subpoenas must be quashed because they are unduly burdensome. The Court disagrees.

A district court may "reject[ ] or trim[ ]" Section 1782 discovery requests that are "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. at 265. For example, a court may deny a Section 1782 application when "it suspects that the discovery is being sought for the purposes of harassment." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 81 (2d Cir. 2012).

The Second Circuit has suggested that, in determining whether a Section 1782 discovery request is unduly intrusive or burdensome, district courts shall "appl[y] the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." Mees v. Buiter, 793 F.3d 291, 302 (2d Cir. 2015).

Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 26 also provides that a court may quash or modify any request for discovery "for good cause," that is, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure . . . to show good cause." Dove v. Atl. Cap. Corp., 963 F.2d 15, 19 (2d Cir. 1992).

To assess whether a subpoena is unduly burdensome under Rule 26, courts consider, among other things, the requested "information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, [and] the particularity with which the documents are described." Bhatt v. Lalit Patel Physician P.C., 2020

WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020).  Courts may also consider whether a subpoena

seeks confidential information.  Cf. Fed. R. Civ. P. 45(d)(3)(B)(i).

 Here, Padian has not shown the subpoenas are unduly burdensome or intrusive.

 First, Padian has not shown BMW seeks to harass him.  Padian cites the purportedly

improper service of the subpoenas, the lack of notice to Arigna before service, and BMW's

refusal to withdraw the subpoenas as evidence of its intent to harass him, but these arguments are

meritless.  For one, to the extent BMW served the subpoenas at the wrong address—on Padian's

mother-in-law who lives next door—this appears to be an innocent mistake, and, regardless,

Padian received actual notice from this mode of service.  For another, BMW's counsel was in

regular contact with Padian and Arigna's counsel.  And lastly, BMW was entitled to attempt to

negotiate the parameters of discovery, not simply roll over in the face of Padian's demands.

 Second, Padian has not shown the subpoenas are unduly burdensome under the

framework of Rule 26.  The subpoenas seek relevant, nonprivileged information.  Specifically,

they seek testimony and documents about the Patent at issue in the German action and Padian's

arrangements with Arigna, the plaintiff in the action.  Thus, the burden is on Padian to

demonstrate the subpoenas are unduly burdensome, and he has failed to do so.  Padian, Arigna,

and BMW are all sophisticated parties; the subpoenas seek targeted documents from a limited

time period; and BMW expects Padian's deposition to be brief.

 Third, Padian has not articulated how compliance with the subpoenas would implicate

confidential information—such as information protected by European data-privacy laws—nor

why any such concerns could not be resolved by a protective order.  In re Accent Delight Int'l

Ltd., 791 F. App'x 247, 252 (2d Cir. 2019) (summary order).

 Accordingly, the subpoenas will not be quashed as unduly burdensome.

**CONCLUSION**

The motion to quash is DENIED.

The Clerk is directed to terminate the motion.  (Doc. #13).

Dated: July 18, 2022
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge